IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS BECERRA-ESCATEL,

    Petitioner,                                No. 2:12-cv-0978 JFM P

    vs.

Warden, FCI Herlong,[1]                <u>ORDER AND</u>

    Respondent.                       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that his right to due process has been violated by placement in administrative detention and planned transfer to a different federal prison.[2] This matter is before the court on respondent's motion to dismiss. Respondent seeks dismiss on the grounds that (1) petitioner has no liberty interest in the placement decisions at

---

   [1] In the motion to dismiss, respondent represents that Respondent Warden Richard B. Ives was the Warden at FCI Herlong from 2008 through April 2011 and suggests that pursuant to Fed. R. Civ. P. 25(b) "the successor custodian should be substituted as the proper party." Motion to Dismiss, filed July 3, 2012, at 2. Respondent has not identified the new warden at FCI Herlong. Good cause appearing, the court will substitute the current Warden of FCI Herlong as respondent in place of former Warden Ives.

   [2] In June 2012, petitioner notified the court that he had been transferred from the Federal Correctional Institution (FCI) in Herlong, California to the FCI in Florence, Colorado. <u>See</u> Notice of Change of Address, filed June 11, 2012.

1  issue in the instant action; (2) petitioner failed to exhaust his administrative remedies; and (3) the
2  petition is moot.
3       The record contains the following evidence relevant to the motion at bar.
4  Petitioner is serving a federal prison sentence imposed by the United States District Court for the
5  District of Montana.  Prior to filing the instant action, petitioner had been housed at FCI Herlong
6  for six years.  In January 2012, petitioner was moved from the general population at FCI Herlong
7  to administrative detention.  He was the subject of an investigation which "concluded that his
8  behavior towards female staff in the unit was such that female staff members were uncomfortable
9  in his presence and felt unsafe because they believed he had developed an inappropriate fixation
10 with two female staff members at FCI Herlong, . . . ."  Declaration of Curtis Finch, filed July 3,
11 2012, at ¶ 5.  The investigation did not lead to disciplinary proceedings.  See id. at ¶ 4.  At the
12 conclusion of the investigation, Curtis Finch, a Case Manager at FCI Herlong, was "informed
13 that it was appropriate to submit a transfer request" for petitioner.  Id.  Mr. Finch prepared the
14 request, which was submitted in March 2012 to the Designation Center in Grand Prairie, Texas.
15 Id.  On April 25, 2012, petitioner was transferred to FCI Florence, Colorado.  Id.
16       Prison inmates have no liberty interest in freedom from transfer between prisons.
17 See Meachum v. Fano, 427 U.S. 215, 224 (1976).  Nor does placement in administrative
18 segregation for nonpunitive reasons implicate a liberty interest protected by the due process
19 clause.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  For this reason, respondent's
20 motion to dismiss should be granted and this action should be dismissed.[3]
21       Accordingly, good cause appearing, IT IS HEREBY ORDERED that:
22       1. The Warden of FCI Herlong is substituted in as respondent in place of former
23 FCI Herlong Warden Richard B. Ives;
24 /////

---

[3] Because petitioner's claims do not implicate a protected liberty interest, it is plain that this action must be dismissed and the court will not reach respondent's remaining arguments.

2. The Clerk of the Court is directed to assign this action to a United States District Judge;

IT IS HEREBY RECOMMENDED that:

1. Respondent's July 3, 2012 motion to dismiss be granted; and

2. This action be dismissed

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2012.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
bece0978.mtd